# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MORENO,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-07333-JLT-SAB-HC<br><br>ORDER DIRECTING RESPONDENTS TO FILE SUPPLEMENTAL BRIEF |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 7, 2026, Respondents filed a response, stating that Petitioner "was ordered removed to Cuba in 2020," "was subsequently released on an Order of Supervision in 2021 because his removal was not then likely," and "[o]n or about July 15, 2026, DHS detained Petitioner following a drug-related arrest." (ECF No. 10 at 1–2.) Respondents rely on Zadvydas v. Davis, 533 U.S. 678 (2001), and note that "Petitioner has only been detained two and a half months as of the date of this filing" and "[a]fter six-months in custody, Petitioner would bear the burden to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." (ECF No. 10 at 3.)

"However, the burden-shifting framework from *Zadvydas* does not apply here" because "[t]his case is not about ICE's authority to detain in the first place upon an issuance of a final

order of removal as in *Zadvydas*" but rather "ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (alterations in original) (internal quotation marks omitted) (quoting Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025)). "The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner's situation and outline the process to be followed," including notice of the reasons for revocation of Petitioner's release and an informal interview promptly after Petitioner's return to custody. Yan-Ling X., 813 F. Supp. 3d at 1163. Additionally, "under 8 C.F.R. § 241.13(i)(2), when ICE revokes the release of a noncitizen who has been ordered removed to effectuate their removal, it is ICE's burden to show a significant likelihood of removal." Huang v. Albarran, 818 F. Supp. 3d 1154, 1161 (E.D. Cal. 2026) (quoting 8 C.F.R. § 241.13(i)(2)). See Riveros Cadavid v. Dep't of Homeland Sec., No. EDCV 26-01805-KK-DTBX, 2026 WL 1105032, at *3 (C.D. Cal. Apr. 17, 2026) ("Even if Petitioner was to be removed to a third country, that process 'would require additional, lengthy proceedings' because of Petitioner's right to seek fear-based relief. Among other things, Petitioner 'likely will have the opportunity to seek further relief from the Immigration Court, and then potentially file appeals from any adverse rulings,' which 'further demonstrates that removal is not likely in the reasonably foreseeable future.'" (citations omitted)).

In Ground Four of the petition, Petitioner asserts violations of 8 C.F.R. § 241.13. (ECF No. 1 at 17–19.) Respondents' response does not address this claim whatsoever. The Court finds that additional briefing on whether the government complied with 8 C.F.R. §§ 241.13(i) and 241.4(l) in re-detaining Petitioner and whether this case is distinguishable from the cases in which this Court has granted relief would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERED that:

1. Within fourteen (14) days of the date of service of this order, Respondent SHALL FILE a supplemental brief on the issues set forth above; and

///

///

2. Within fourteen (14) days of the date of service of Respondent's supplemental brief, Petitioner MAY FILE a traverse.

IT IS SO ORDERED.

Dated: **October 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge